**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| vs. | : CASE NO. 6:04-CR-2-HL |
| | : |
| **KEITH ABRAMS,** | : |
| **KEVIN ABRAMS, and** | : |
| **KENNETH BAKER** | : **Petition to Cease Forfeiture Proceedings** |
| | : |

## ORDER

Stephanie Onyegbula (hereinafter "Petitioner") having filed the above-styled petition, the Court determined to consider same as a Motion for Ancillary Hearing. On June 29, 2005 the matter came before the Court for a hearing. Petitioner appeared *pro se* and the United States was represented by Donald L. Johstono, Assistant United States Attorney. After hearing and considering the positions of both sides, the court finds as follows:

On October 18 and October 20, 2005, this Court entered orders forfeiting each of the one-fourth undivided interests of Keith Abrams, Kevin Abrams and Kenneth Baker in the subject real property located at 120 Mildred Lane, Thomasville, Georgia. Those orders were entered following the pleas of guilty by each of the named individuals and in accordance with the terms of their plea agreements.

Petitioner, as the sister of Abrams, Abrams and Baker, is the holder of the remaining one-fourth undivided interest in the property. Petitioner was not charged in the drug distribution investigation and her interest in the property was not subject to forfeiture as part of that investigation and prosecution. The United States acknowledges that Petitioner has an interest in the property that should be duly recognized.

The United States suggested and the Court agrees there are but two options for resolving the issue of joint ownership. One would be for Petitioner to purchase the interest of the United States. The other would be for the property to be sold and one-fourth of the proceeds distributed to Petitioner. Petitioner acknowledged that she understood the options but seeks a different resolution. When offered an opportunity to do so, Petitioner was unable to articulate what other resolution could be available.

Although the Court is sympathetic to Petitioner's plight, Petitioner has not offered any legal authority that would empower the court to stop the proceedings, nor has she shown that the forfeiture of the interest of her brothers was improper, either in procedure or result.

THEREFORE, IT IS HEREBY ORDERED, the Petition to Cease Forfeiture Proceedings is denied and the parties shall proceed accordingly.

SO ORDERED this 8th day of July, 2005.

        s/   **Hugh Lawson**
        Hugh Lawson
        US District Judge

Prepared by:

s/Donald L. Johstono
Assistant United States Attorney
Post Office Box 1702
Macon, Georgia 31202
(478) 621-2700